### No. 3168.—WARREN & CRAWFORD *v.* ANN E. CHILDRESS, Tutrix.

The acknowledgment (by the executor) of the correctness of notes, held by a creditor of the succession, need not be made on the notes themselves but may be made on a separate piece of paper.

Such acknowledgment, to work an interruption of prescription, must in all cases be made in writing.

APPEAL from the Seventh District Court, parish of Avoyelles. *Miller*, J. *Irion & Overton*, for plaintiffs and appellees. *Waddill & Barbin*, and *S. R. Thorpe*, for defendant and appellant.

HOWELL, J. The only question for decision in this case is whether an interruption of prescription is proven. Plaintiffs offered the following document to show the interruption:

"BIG BEND, Louisiana, October 11, 1866.

Messrs. Warren & Crawford, New Orleans:

GENTLEMEN—I hereby obligate and bind myself to furnish you the first mortgage note, when my place is sold, for the sum of five thousand dollars, being for the payment of the indebtedness of my late husband, W. B. Marshall, to your house. If the property is sold on time, the notes will draw eight per cent. interest from the date of sale or the execution of the notes. ANN E. MARSHALL."

On this document was a memorandum at the time it was signed, showing the said indebtedness to consist of three notes, corresponding with those in suit, and an account, the amount of each being specified. To its introduction the defendant objected on the grounds that it was at variance with the obligations in plaintiffs' petition; that it was offered and accepted by the parties to it as a compromise; that it was a personal obligation binding on Mrs. Marshall only and in nowise affecting the succession of her husband, and can not be used to bind the succession or interrupt prescription running in its favor. The judge overruled the objections for the reason that Mrs. Marshall was at the time administering the succession as tutrix, and the document was admitted to prove that plaintiffs had presented their claim and

obtained its acknowledgment before prescription accrued. We think the ruling correct. The document contained a direct acknowledgment of the debt of the succession, and was not offered to fix any personal liability upon the defendant. In the case of the succession of Yarborough it was held not to be essential that such acknowledgment should be upon the evidence of the claim or a paper annexed to it, provided it be in writing.

The judge sustained the plea as to the open account and overruled it as to the notes, and gave judgment for the latter. In this there is no error.

Judgment affirmed.